Filed 6/16/14  Norton v. Hayter CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JANE NORTON,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>WILLIAM GORDON HAYTER,<br><br>    Defendant and Respondent. | G048696<br><br>(Super. Ct. No. 30-2012-00534675)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, Andrew P. Banks, Judge.  Reversed.

        Johnson & Associates, William D. Johnson and Michael Schultz for Plaintiff and Appellant.

        James F. Kajtoch for Defendant and Respondent.


*        *        *

## INTRODUCTION

Shortly before her death, the aunt of plaintiff Jane Norton amended her trust and disinherited Norton. Norton sued defendants William Gordon Hayter (a lawyer), Desmond D'Sa (an employee of Hayter), and Daneen Hearst (a notary) for claims arising out of their alleged involvement in the aunt's decision.

Norton voluntarily dismissed her claims against D'Sa and Hearst. Before Hearst was dismissed from the case, the trial court sustained Hearst's demurrer, with leave to amend, as to three claims alleged against her in the first amended complaint, on the ground of uncertainty. The court sustained Hearst's demurrer to the fourth claim—negligence—without leave to amend because, as alleged against her, it was barred by the applicable statute of limitations. Norton did not file an amended complaint.

Hayter had neither filed a demurrer himself nor joined in Hearst's demurrer. Nevertheless, Hayter filed an ex parte motion to dismiss the case as a result of, inter alia, Norton's failure to amend the first amended complaint. The trial court granted the motion and dismissed the action.

Norton's failure to amend the first amended complaint in response to Hearst's demurrer and the trial court's order permitting amendment did not apply to Norton's claims against Hayter. The trial court's dismissal order was in error; accordingly, we reverse.

## BACKGROUND

### I.

### NORTON FILES THE COMPLAINT AGAINST D'SA AND HAYTER; D'SA FILES A DEMURRER WHICH HAYTER JOINS.

In January 2012, Norton filed a complaint for conversion, elder abuse, and fraud against Hayter and D'Sa, in his capacity as an individual and as trustee of Norton's aunt's trust called the Betty A. Norton Living Trust dated May 20, 2004 (the trust). The

2

complaint alleged that in 2004, Norton's aunt set up the trust which named Norton as the sole beneficiary. Norton alleged that the first two times the trust was amended, the amendments were "of little substantive consequence."

In the complaint, Norton alleged that about a month before Norton's aunt passed away in 2009, at the age of 89, the trust had been amended two more times as "the result of actions taken by D'Sa while employed by Hayter." (Some capitalization omitted.) Norton further alleged Hayter is an attorney and D'Sa is not an attorney but held himself out to Norton's aunt as one. D'Sa allegedly prepared the third and fourth amendments to the trust and procured Norton's aunt's signature for those amendments. Norton also alleged that at the time the third and fourth amendments were signed by Norton's aunt, "she was suffering from advanced Alzheimer's disease and could not appreciate her actions." Norton alleged the fourth amendment denied Norton any inheritance and indirectly awarded D'Sa the remainder of Norton's aunt's estate, with an estimated value of $280,000, by providing that the remainder of the estate go to "a sham entity run exclusively by D'SA."

D'Sa filed a demurrer to the complaint on the ground that another legal action was then pending between the same parties on the same causes of action in Los Angeles County Superior Court (the Los Angeles action). D'Sa asserted the trial court in the Los Angeles action, following a bench trial, ruled against Norton and denied her all relief. D'Sa requested the trial court in the instant action take judicial notice of the verified petition Norton filed in the Los Angeles action,[1] the judgment entered in that case, and Norton's notice of appeal from that judgment.

---

[1] The verified petition filed in the Los Angeles action contained causes of action for (1) "determination of validity of purported amendments to trust, removal of successor trustee, appointment of suc[c]essor trustee and imposition of constructive trust"; (2) "determination of ownership of estate property"; (3) undue "influence-duress"; (4) financial elder abuse; (5) quiet title; (6) conversion; (7) tortious interference with right to inherit; (8) accounting; and (9) declaratory relief. (Capitalization omitted.)

3

Hayter filed a notice of joinder in D'Sa's demurrer. Hayter was not named as a respondent in the verified petition that Norton filed in the Los Angeles action.

II.

NORTON FILES THE FIRST AMENDED COMPLAINT.

Before the scheduled hearing on D'Sa's demurrer to the original complaint, in September 2012, Norton filed a first amended complaint against D'Sa, Hayter, and Hearst. That complaint contained the same claims and allegations for conversion, elder abuse, and fraud as were alleged in the original complaint, and added a fourth cause of action for negligence against Hayter and Hearst. The first amended complaint contained the additional allegations that Hearst was a notary, employed by Hayter, who falsely stated she had observed Norton's aunt sign the fourth amendment to the trust in Hayter's office on May 14, 2009; Norton alleged her aunt was in the hospital on that date.

Hearst filed a demurrer to the first amended complaint on the grounds the allegations supporting the conversion, elder abuse, and fraud claims were "uncertain" as against Hearst, and the negligence claim as alleged against Hearst was barred by the applicable statute of limitations.

Hearst also filed a motion for an order compelling Norton to post adequate security for costs of at least $23,000, pursuant to Code of Civil Procedure section 1030. The motion was based on Norton's out-of-state residency and "a reasonable possibility that Ms. Hearst will obtain a judgment in this action." Hearst filed a request for judicial notice of the verified petition filed in the Los Angeles action, the original complaint filed in the instant action, and the first amended complaint filed in the instant action.

D'Sa filed a demurrer to the conversion, elder abuse, and fraud claims contained in the first amended complaint on the ground there was a pending action—the Los Angeles action—involving the same parties and the same causes of action. D'Sa filed a request that the trial court take judicial notice of certain documents filed in the Los Angeles action, namely, the verified petition, the judgment, the notice of appeal, and

4

Norton's closing reply brief. D'Sa also filed a motion for an order compelling Norton to post adequate security in the amount of at least $20,000 to cover his defense costs.

Hayter filed a document entitled "Joinder to Demurrer," in which he stated he joined in the demurrer filed by D'Sa brought on the ground that the same issues between the same parties were already being litigated in the Los Angeles action. Although the fourth cause of action for negligence was not addressed in D'Sa's demurrer (that cause of action was not alleged against D'Sa), Hayter referred to the Los Angeles action in his Joinder to Demurrer, by stating: "[T]he First Amended Complaint alleges, in the Fourth Cause of Action for Negligence, that Defendant Hayter is liable to Plaintiff, based solely o[n] the fact that defendants D'Sa and Hearst were employed by defendant Hayter. Therefore, based on the original Trial Court's decision (that is currently under appeal), Hayter would not be liable for the actions of D'Sa and Hearst, if (as did happen) the Trial Court decided that defendants D'Sa and Hearst were not liable for any wrongdoing."

On October 25, 2012, Norton filed a request for dismissal, in which she requested that the court clerk dismiss the first amended complaint against D'Sa without prejudice. The clerk entered the requested dismissal of D'Sa on that same date.

On November 7, 2012, the trial court sustained Hearst's demurrer as to the conversion, elder abuse, and fraud causes of action in the first amended complaint, with 20 days' leave to amend, on the ground of uncertainty because "[t]he causes of action do not specify which causes of action are against which defendants." The court sustained Hearst's demurrer without leave to amend as to the fourth cause of action for negligence, as alleged against Hearst, on the ground the applicable statute of limitations had run. The trial court explained: "The judicially notice[d] documents reveal that plaintiff was aware of the improper notarization as early as June 2, 2010 when she verified the Petition in case number BP122948. [¶] Per [Code of Civil Procedure section] 338[, subdivision] (f)(2) [an action based on malfeasance or misfeasance] shall be commenced

5

within one year from discovery of the facts constituting the cause of action or within 3 years from the performance of the notarial act, whichever is later. [¶] The notarial acts were on May 11 and May 14, 2009. The discovery was on June 2, 2010. The First Amended Complaint naming Ms Hearst was not filed until September 6, 2012, after the statute of limitations had expired." Nothing in the court's order mentioned claims against Hayter.

The trial court also granted Hearst's motion for an order compelling Norton to post a bond in the amount of $23,000. In its minute order, the court stated: "Bond to be posted within 15 days. Plaintiff resides in New York and Defendant has shown a reasonable probability she will prevail in this action. (Though Plaintiff may also spend time in California, the First Amended Complaint clearly alleges that Plaintiff is a resident of New York and Plaintiff has not provided any statement under penalty of perjury giving detail[s] on the residency issue.)"

On November 16, 2012, Norton filed an ex parte application seeking an order extending the deadlines by which she was required to file a second amended complaint and post a security bond. On November 20, the trial court extended the deadlines to both file a second amended complaint and post a security bond to February 4, 2013.

Norton did not file a second amended complaint or post a security bond. Instead, on February 6, 2013, she filed a request to dismiss the first amended complaint, with prejudice, against Hearst, in exchange for a waiver of costs, as agreed to by Hearst. The clerk accordingly entered the dismissal of Hearst.

On May 8, 2013, Hayter filed an ex parte motion to dismiss the case against him, on the ground Norton was given until February 4, 2013 to amend her first amended complaint and post a security bond, and she failed to do so. He asserted that his "Motion To Dismiss is based on Plaintiff's abandonment of her case against Defendant William G. Hayter under [Code of Civil Procedure section ]581[, subdivision] (f)(2); [California

6

Rules of Court, rule] 3.1320(h); *Cano v. Glover* (2006) 143 [Cal.App.]4th 326, 329-330."
(Italics added.) Hayter also requested an award of $2,450 in attorney fees he had
incurred in defending the action.

On May 9, 2013, the trial court granted Hayter's ex parte motion to dismiss.
The court's minute order stated in part: "The Court orders William Gordon Hayter be
dismissed with prejudice on Amended Complaint (First) for plaintiff's failure to post
bond and file her second amended complaint by 02/04/2013." The trial court signed an
order of dismissal with prejudice.[2] Norton timely appealed.

Following oral argument on appeal, Hayter's counsel submitted a letter
stating that although during argument, he stated he could not locate a joinder filed on
Hayter's behalf in this case, he attached Hayter's motion for joinder for this court's
consideration. The attached document was a copy of Hayter's joinder to the demurrer
filed by D'Sa, discussed *ante*. No joinder by Hayter in Hearst's demurrer is in the record.

DISCUSSION

The trial court granted Hayter's motion to dismiss the case against him, and
dismissed Norton's claims against Hayter because Norton failed to (1) file a second
amended complaint after the trial court sustained Hearst's demurrer, and (2) post a
security bond after the trial court granted Hearst's motion seeking an order to compel
Norton to post a security bond. For the reasons we will explain, the trial court erred by
dismissing the case against Hayter.

Hayter's motion to dismiss was based on Code of Civil Procedure
section 581, subdivision (f)(2), which provides: "The court may dismiss the complaint as
to that defendant when: [¶] . . . [¶] Except where Section 597 applies, after a demurrer to

---

[2] A dismissal "in the form of a written order signed by the court and filed in the
action" is considered a judgment (Code Civ. Proc., § 581d) and thus is appealable under
Code of Civil Procedure section 904.1, subdivision (a)(1).

7

the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." The motion to dismiss was also based on rule 3.1320(h) of the California Rules of Court, which states: "A motion to dismiss the entire action and for entry of judgment after the expiration of the time to amend following the sustaining of a demurrer may be made by ex parte application to the court under Code of Civil Procedure section 581(f)(2)."

Hayter never demurred to any pleading or filed a motion to post a bond. Although he filed a notice of joinder in D'Sa's demurrer, D'Sa was dismissed from the case before that demurrer was heard or ruled upon. D'Sa's demurrer was based on the argument the action was barred because the same issues between the same parties were already being litigated in the Los Angeles action. The trial court never addressed that argument and Hayter did not pursue the ground asserted in D'Sa's demurrer following D'Sa's dismissal from the case.

Hayter did *not* join in Hearst's demurrer to the first amended complaint, which was expressly based on the arguments that (1) the first three causes of action in the first amended complaint were uncertain *as to Hearst*, and (2) the fourth cause of action for negligence of a notary was barred by the statute of limitations.

Neither did Hayter join in Hearst's motion for an order compelling Norton to post a security bond. Hearst's motion seeking a bond in the amount of at least $23,000 was based on Hearst's attorney's declaration regarding the anticipated costs involved in executing *Hearst's* defense plan, including costs associated with taking certain depositions and costs related to Hearst retaining expert witnesses. In his respondent's brief, Hayter concedes that the trial court's "ruling regarding dismissal of the action due to failure to post bond, in itself was without merit," and we therefore do not address it further.

By failing to amend the first amended complaint after the trial court sustained Hearst's demurrer, Norton took the risk that the court would dismiss her claims

8

*against Hearst*, for which she was granted leave to amend, pursuant to Code of Civil Procedure section 581, subdivision (f)(2) and California Rules of Court, rule 3.1320(h). Because Hearst was voluntarily dismissed from the case, the court never ordered the dismissal of Norton's claims against Hearst as a result of Norton's failure to amend.

After Hearst was dismissed from the case, all that remained were Norton's four causes of action against Hayter. Those claims were unaffected by the trial court's rulings on Hearst's demurrer. We do not express an opinion on the merit of any of those claims against Hayter; our holding is limited to the conclusion that Hayter's motion to dismiss, based on the trial court's ruling on a demurrer Hayter neither brought nor joined, was without legal merit.

Hayter argues the trial court properly dismissed the instant lawsuit against him because Norton failed to prosecute her claims. The instant action was dismissed only 15 months after Norton filed her original complaint. (See Code Civ. Proc., § 583.310 ["An action shall be brought to trial within five years after the action is commenced against the defendant"].) Hayter's argument that the dismissal of the instant lawsuit is supported by Norton's failure to prosecute is therefore without legal merit.

In his respondent's brief, Hayter argues that certain allegations in the first amended complaint are contradicted by unspecified "facts" contained in documents from the Los Angeles action of which D'Sa and Hearst had requested the trial court to take judicial notice. "While judicial notice may be taken of court records (Evid. Code, § 452, subd. (d)), the truth of matters asserted in such documents is not subject to judicial notice." (*Board of Pilot Commissioners v. Superior Court* (2013) 218 Cal.App.4th 577, 597; see *Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 193 ["'When judicial notice is taken of a document, however, the truthfulness and proper interpretation of the document are disputable'"].) The trial court, in ruling on Hearst's demurrer as to the negligence claim, concluded that "[t]he judicially notice[d] documents" from the Los Angeles action showed that by the time the verified petition was filed in June 2010,

9

Norton had notice of the acts underlying her negligence action rendering that claim barred by the statute of limitations. Nothing in this opinion forecloses Hayter from raising the same argument on his own behalf in the trial court.

Hayter also argues, "[b]y dismissing two of the three defendants and not responding at all to the first three causes of action, it still left Respondent Hayter uncertain as to which allegations with which to respond. The Judge granted permission to amend, not permission to cure only portions of the complaint. By not amending as required by the Judge's order, it created further confusion, not only in regards to which causes of action he needs to respond too [*sic*], but it also created uncertainty in regards to the fourth cause of action." Hayter does not elaborate on what he considers to be uncertain, and, in any event, the trial court sustained Hearst's demurrer as to the fourth cause of action against Hearst *without* leave to amend. If Hayter concludes the first amended complaint is deficient in stating claims against him, he may challenge it on his own behalf.

## DISPOSITION

The judgment is reversed. Appellant shall recover costs on appeal.

FYBEL, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

THOMPSON, J.

10